IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

**CALANDRA BEGAY,**

    **Plaintiff,**

vs.                                                                           No._____

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

**COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT FOR DAMAGES DUE TO NEGLIGENCE**

Plaintiff, Calandra Begay, avers for her complaint the following:

1. Plaintiff brings this civil action for compensatory damages arising from the negligence of personnel at the Chinle Comprehensive Health Care Facility ("Chinle") located in Chinle, Arizona, a facility operated by the United States through the Department of Health and Human Services and the Indian Health Service.

**JURISDICTION AND VENUE UNDER THE FEDERAL TORT CLAIMS ACT**

2. Plaintiff's claims in this action are authorized by and are brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671, *et seq.*, and also pursuant to 28 U.S.C. §1331.

3. Federal statutes, including the FTCA, vest this court with exclusive jurisdiction over plaintiff's claims in this case.

4. The FTCA makes the United States liable for the negligent acts and omissions of federal "employees."

5. Federal employees include, but are not limited to, employees of the Indian Health Service and the Chinle Comprehensive Health Care Facility ("Chinle").

6. At all times material to this case defendant United States controlled, owned, and operated Chinle.

7. Chinle provides medical care to Native Americans who are members of recognized tribes pursuant to various federal statutes and other law.

8. At all times material to this case defendant United States, acting through the Indian Health Service, held itself out to have the ability to provide medical care to members of the Navajo Nation and plaintiff, at its Chinle hospital.

9. Plaintiff, through her legal counsel, presented to the Department of Health and Human Services in March, 2014, a timely administrative claim under the FTCA alleging negligence by federal employees at Chinle in the provision of medical care to plaintiff.

10. Six months passed after the claim was submitted and no settlement has been reached. Defendant United States made no attempt to settle the plaintiff's claim.

11. Plaintiff has exhausted her administrative remedies.

12. Plaintiff is now authorized to file this lawsuit against the United States in the United States District Court for the District of Arizona.

13. At all times material to the issues in this, plaintiff resided in or near Chinle, Arizona.

14. Plaintiff is a tribal member of the Navajo Nation.

15. Venue is proper in this district under 28 U.S.C. §1402(b).

## FACTUAL BACKGROUND

16. Staff Optometrist Valerie Sharpe and Optometry Resident Carolyn Ichter worked at Chinle in August, 2012.

17.     Both persons were employees of the Indian Health Service and both were to provide competent medical and optometry services to Navajo people at Chinle.

18.     On or about August 12, 2012, when plaintiff was 16 years of age, she injured her right eye when a sling shot she was using broke and a piece of the frame struck her.

19.     Plaintiff was transported by ambulance to Chinle for treatment.

20.     Staff Optometrist Valerie Sharpe and Optometry Resident Carolyn Ichter examined plaintiff's eye.

21.     They reported 9/10 pain, nausea, dizziness, and blurred vision when plaintiff attempted to open her right eye.

22.     Sharpe and Ichter conducted an acuity eye examination. They observed that plaintiff was unable to open and see from her right eye. They saw that plaintiff had bruising and swelling of the eye lid, a laceration over the right sclera, subconjunctive blood, and photophobia.

23.     Sharpe and Ichter had an IV placed and medication administered for pain and nausea.

24.     Their orbit CT examination showed diffuse extraocular, right periorbital, soft tissue stranding and swelling, with right, medial intraocular soft tissue stranding.

25.     They made the following diagnosis: a contusional, closed globe injury to the right eye, Berlin's edema (indicating a blunt contusion to the front of the eye that affects the retina), two sub-retinal hemorrhages of the right eye, and a conjunctival laceration of the right eye.

26.     The doctors prescribed over-the-counter eye drops, Erythromycin drops, and medication for pain and nausea.

27. Despite a serious, emergent injury to the right eye that involved an acute retinal injury, Chinle discharged plaintiff without immediately referring or transferring her to a retinal specialist.

28. The doctors who examined plaintiff instructed her to follow up in the eye clinic at Chinle within 24 hours.

29. As instructed, plaintiff returned to the eye clinic within 24 hours.

30. Eye clinic personnel turned her away, she saw no provider, was not examined, and she did not receive any care.

31. On August 14, 2012, plaintiff went to the Fort Defiance Indian Hospital (FDIH) for follow-up care due to the fact that Chinle had refused to provide care.

32. The staff at FDIH identified 8/10 pain, yellow discharge from the right eye, and swelling of the lower eye lid.

33. The examination at FDIH further revealed bruising and inferior diffuse bleeding in the conjunctiva.

34. The examining doctor at FDIH made a diagnosis of a detached retina secondary to blunt trauma with vision loss; iritis secondary to blunt trauma; conjunctival chemosis secondary to blunt trauma; subconjunctival hemorrhage secondary to blunt trauma; and lid bruising secondary to blunt trauma.

35. FDIH referred plaintiff to a retinal specialist in Albuquerque for the detached retina and the associated sequelae.

36. It was only after going to FDIH that plaintiff received proper care and a transfer to a healthcare provider that could address her serious injury.

## CAUSE OF ACTION - DUTY, NEGLIGENCE, & CAUSATION

37.     Plaintiff repeats the averments stated in the preceding paragraphs and incorporates them by reference as part of the first count of negligence.

38.     The United States is legally responsible for the negligent actions of its staff at Chinle, including employees of Chinle, while those employees are performing job duties for the employer or engaged in furtherance of the interests of the employer.

39.     The involved staff who participated in the medical care of plaintiff at Chinle were employees of the Indian Health Service at the time of plaintiff's eye injury and her attempted follow-up for her eye trauma.

40.     Those employees were on the job, performing job-related duties for Chinle at the time they were negligent in dealing with plaintiff.

41.     If any negligent Chinle staff were not actual employees of the Indian Health Service at the time of the incident, they may have been contract employees whose contracts with the defendant provide that the defendant is liable under the Federal Tort Claims Act for their negligence.

42.     If any negligent Chinle staff were not actual employees of the Indian Health Service at the time of the incident, they may have been contract employees whose contracts with the defendant may be deemed by statute or federal regulation to make the defendant liable under the Federal tort Claims Act for their negligence.

43.     If any negligent Chinle staff were not actual employees of the Indian Health Service at the time of the incident, and the preceding paragraphs 41-42 do not apply, they may have been contract employees for whom the defendant is vicariously liable under the Federal Tort claims Act pursuant to doctrines of law such as agency and *respondeat superior*.

44. Defendant and involved Chinle staff had a duty to exercise reasonable care in the diagnosis and treatment of plaintiff, and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of their professions in the provision of healthcare.

45. The involved staff breached the duty of reasonable care owed to plaintiff and are guilty of the following negligent actions and omissions by failing to measure up to the applicable standards of care, skill, and practice required of members of their professions, to wit:

a) negligently failing to recognize and diagnose in a timely manner the extent of plaintiff's eye injury, and negligently failing to provide appropriate emergency medical treatment for a severe eye injury that had retinal involvement - considered an emergent medical condition in any private emergency department;

b) negligently providing emergency medical treatment for a severe eye injury that had retinal involvement -- i.e., care by unqualified healthcare providers practicing outside their areas of training, experience, and qualification, not ophthalmologists or even medical doctors, but who were a "staff optometrist" and an "optometry resident" presuming to give ophthalmological diagnosis and care;

c) negligently failing to secure medical doctor (MD) supervision or obtain medical doctor (MD) consultation;

d) negligently failing to recognize the severity of plaintiff's right eye injury;

e) negligently failing to arrange for immediate referral and transport of plaintiff to a retinal medical specialist;

  f)  negligently failing to see plaintiff for the 24 hour follow-up appointment they instructed plaintiff to attend, sending her away, thus further causing irreversible retinal damage to plaintiff's right eye.

  g)  negligently and carelessly failing to measure up to the requisite standards of care and skill recognized and observed in the field of medicine, optometry. and related fields, while performing care or engaged in caring for plaintiff, and in further particulars not now known to plaintiff, but which involve the subject incident generally and are believed and hereby alleged will be disclosed during the course of discovery while this litigation is underway.

  46.  The negligent actions and omissions of Chinle staff properly to provide plaintiff with necessary and required care on and about August 12, 2012, and August 13, 2012, caused injury and were actions and omissions for which the United States would be liable to plaintiff for negligence under the laws of the State of Arizona, the place where the incident occurred, if the United States were a private individual at fault for the same negligence.

  47.  At all times material hereto, plaintiff was a patient of the Indian Health Service, an agency of the United States Department of Health & Human Services, and was in the care and custody of Chinle and involved staff, completely dependent upon the government, the hospital, and the hospital staff for her safety and medical care.

  48.  Defendant United States, acting through its employees, negligently failed to provide appropriate, reasonable, required, and safe medical care to plaintiff, which gives rise to a negligence cause of action against defendant, as laid out herein.

  49.  As a direct and proximate result of the negligence of defendant United States, its employees, and the staff at Chinle, plaintiff suffered grievous injury and

harm, including a worsening of her retinal injury, which was not addressed in a timely manner.

## DAMAGES

50. Under the FTCA and the law of the place of the wrong, the State of Arizona, plaintiff is entitled to compensatory damages for her losses, both special and general, including damages for the nature, duration, and extent of her injury; past and future medical expense; non-medical expense incidental to her injuries; emotional and psychological distress and suffering; physical pain; interference with her daily activities, her physical abilities, her home life, and her recreational pursuits; all of which caused her a loss of enjoyment of life, which will extend into the future; loss of household services; disfigurement and scarring; and future damages caused by the negligence of the United States.  Defendant United States is liable to plaintiff for her losses and she hereby claims a right to recover all allowable damages recognized by Arizona, whether specifically mentioned herein or not.

## CONCLUSION

**WHEREFORE,** plaintiff prays the court to enter judgment for her and to order that she be compensated for all losses allowed by law, for an award of allowable costs, and for such other relief as recognized under the laws and rules that govern this case.

    Respectfully submitted,

    BARBER & BORG, LLC
    Forrest G. Buffington
    P.O. Box 4690
    Yatahey, New Mexico  87375
    505-905-5000

    By:_____*/s/ Forrest G. Buffington*___
    ATTORNEYS FOR PLAINTIFF